ISAAC B. PARKER *v.* DAVID PRATT and Wife, and others.

At a Sheriff's sale of land on execution, the crier, before the hammer was struck, received a sign which was intended as a bid, and which the crier understood as a bid, and would have received as a bid at any previous stage of the bidding, but which he refused to take as a bid on the ground that the half hour, expiring at a quarter past three o'clock, to which, by the instruction of the Sheriff, he had limited the time for bidding, had expired. The sale was set aside.

On the 24th September, 1849, Coolidge E. Pratt filed his petition, stating, that Isaac B. Parker filed his bill in Chancery against David Pratt, Job G. Olden and the petitioner; and that such proceedings were had therein, that, on the 5th July, 1849, a decree was obtained by which the sale of certain mortgaged premises, consisting of, &c., (described in the petition,) were ordered to be sold to raise and pay to the said Isaac B. Parker $7,645 65, with interest thereon from July —— 1849, with his costs; to pay and satisfy Job G. Olden $363 71, balance of his judgment obtained by him against said David Pratt in the Common Pleas of Mercer; and to pay and satisfy the petitioner $1,691 19, the amount of a judgment obtained by him against the said David Pratt in the Common Pleas of Mercer; on which decree a *fi. fa.* issued for that purpose, directed to the Sheriff of Mercer, commanding him to make sale of said premises according to law.

That the said Sheriff duly advertised the said premises for sale on Saturday, the 22d September, 1849, at the house of J. D. V. Joline, in Princeton, between the hours of 12 and 5 in the afternoon.

That the petitioner, with divers other persons, attended at the said time and place; and the said premises were exposed to sale at public vendue by said Sheriff. That several bids were made by the petitioner and others, till the bids had reached $8,925. That in the act of the petitioner's bidding the additional sum of $50, the Sheriff, by his agent, David Hullfish, struck off the property to James Carnahan, who had bid a less sum than the petitioner so offered to bid; and this at the hour of quarter after, 3 o'clock.

That, as the petitioner has been informed and believes, one or more persons were present who were willing and prepared to give, for said premises, more than the sum the petitioner thus offered to bid ; and that they would so have bid if the Sheriff had not hurried the striking off, and had not taken them by surprise ; and that, if the property had not been struck off at the time and in the manner aforesaid, there were persons ready and willing to bid an amount sufficient to have liquidated the amount of the said judgment of the petitioner.

That the petitioner and the other persons present and prepared to bid more than the said $8,975 remonstrated with said Hullfish and the said Sheriff, instantly upon the said striking off, and requested him to put up the property again and to receive the said bid of the petitioner, which the said Hullfish and the said Sheriff refused to do.

That the petitioner is still willing to bid the said sum of $50 over and above the bid of the said J. Carnahan ; and he is informed and believes that one Theodore Draper is ready and willing to bid a sum over and above the bid of the petitioner. And so the petitioner says that he is injured and damnified by the unreasonable and unlawful haste with which the Sheriff, by his crier, struck said property off to said Carnahan.

The petitioner prays that the Sheriff may be enjoined from executing a deed for said premises to said Carnahan, or to any person for whom said Carnahan may be acting, and, if the deed be already executed, from delivering the same ; and that said Carnahan may be injoined from receiving said deed ; and that the said sale may be set aside, and a new sale ordered.

The petitioner also prays subpœna against Isaac B. Parker, David Pratt, Job G. Olden, John Hammell (the Sheriff,) and James Carnahan.

On the reading of this petition, an order was made that the said Isaac B. Parker, (the complainant in the bill of foreclosure,) David Pratt, Job G. Olden and James Carnahan show cause, on the third Tuesday of October, 1849, at 10 A. M., at the State House in Trenton, why the biddings at the said sale should not be opened ; and that, in the mean time, an injunction do issue

directed to the Sheriff, injoining him from executing a deed to said Carnahan, or to any person for whom he may be acting ; and, if said deed be executed, from delivering it, until this Court shall make further order. And that a copy of the order and a copy of the petition be served upon the solicitor of the complainant in the suit on which the property was struck off, and on the said James Carnahan.

Depositions were taken, in the presence of James S. Green, solicitor of the petitioner, and William Halsted, of counsel with James Carnahan, to whom the property was struck off at the Sheriff's sale, in support of and in opposition to the motion to be made to open the biddings or set aside the sale.

The depositions being read, a motion was made to set aside the sale.

*J. S. Green* and *George Wood* in support of the motion. They cited 1 *Green's Ch.* 193, 6, 216 ; *Saxton's Ch.* 344 ; 1 *Sim. & Stuart,* 381 ; 3 *Tenn. Rep.* 148 ; 3 *East,* 337 ; 1 *Dow,* 111 ; 3 *Meriv.* 483 ; 1 *Bin.* 61 ; 1 *John. Ch.* 502 ; 16 *John. Rep.* 288.

*W. Halsted* contra. He cited 2 *Green's Ch.* 463 ; 3 *John. Ch.* 290, 2 ; 2 *Paige,* 99, 339.

THE CHANCELLOR. I am satisfied from the testimony that the crier, before the hammer was struck, received a sign which was intended as a bid, and which the crier understood as a bid, and would have received as a bid at any previous stage of the bidding, but which he refused to receive as a bid, on the ground that the half hour, expiring at quarter past 3, to which, by the instruction of the Sheriff, he had limited the time for bidding, had expired.

This was a mistake in the crier. He was not at liberty to refuse a bid made at any time before the hammer was struck, though the half hour had expired. And if the Sheriff supposed he had a right to fix a point of time, prior to 5 o'clock, at which

the hammer should fall and close the sale without respect to the state of the bidding at the time, he mistook the law.

As well might the Sheriff say, that the striking of the hammer of a clock at a given hour should close the biddings, and that he whose bid should happen to be made the instant before should be the purchaser, though a higher bid should be made the next instant.

A sale made by a crier under such instructions, if a bid made before the crier's hand or hammer was struck be refused merely because the last second of the half hour had expired, is an illegal sale .It would be exceedingly dangerous to allow to Sheriffs the right or power which the Sheriff in this case seems to have supposed he had, and which he, through his crier, exercised.

The bids, towards the close of the sale, were made with unusual rapidity. From the statement of Mr. Hagaman, a witness sworn on the part of the person to whom the property was struck off, there were 24 bids in less than 30 seconds; his statement gives 24 bids in 20 seconds. But if there were 24 bids in a minute, or even in five minutes, continuing, as in this case, up to the very last moment of the half hour, it is extraordinary that the crier, or the Sheriff, should think he was justifiable in refusing the last bid, though made before the hammer was down, simply because the last moment of the half hour had expired.

I think there can be but little doubt, judging from what the property was bid to, and from the testimony before me, that the property will bring, at any fair Sheriff's sale, enough to satisfy the incumbrances which are prior to the incumbrance of the petitioner. His claim is $1,691 19. The sum at which the property was struck off would have satisfied about $700 of his claim, after satisfying the prior incumbrances. The purchaser, or person to whom the property was struck off, is the only person opposing the motion to set aside the sale; neither the complainant in the execution nor the defendant in the execution opposes it.

Under these circumstances, I am relieved from any apprehension as to the consequences of setting aside this sale. It is, perhaps, as favorable a case as could well occur, in which to express the views of the Court as to the right which the Sheriff to whom the execution in this case issued supposed he possessed.

Sale set aside.